## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOMER JONES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-18-633-G |
| | ) |
| LUKE PETTIGREW, Warden, | ) |
| | ) |
|     Respondent. | ) |

## <u>ORDER</u>

Now before the Court is Petitioner Homer Jones' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1). Having carefully reviewed the Petition and the relevant record, the Court concludes that the Petition should be DISMISSED.

*I.    Screening Requirement*

The Court is required to review habeas petitions and to order dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. The Rule allows the district court to sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

II.     *Background*

In his pleading, Petitioner, a state prisoner appearing pro se, challenges his criminal conviction in the District Court of Oklahoma County, which he alleges was entered in April of 1984. *See* Pet. at 1; *see also Jones v. Bear*, No. CIV-19-141-G, 2019 WL 3422101, at *1 (W.D. Okla. Apr. 17, 2019) (R. & R.) (finding that Petitioner entered his blind guilty plea on the relevant counts on February 20, 1985), *adopted*, 2019 WL 2715544 (W.D. Okla. June 28, 2019).  Petitioner did not seek to appeal his conviction by moving to withdraw his guilty plea. *See* Pet. at 2; *Jones*, 2019 WL 3422101, at *1.

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year limitations period applies to federal habeas claims brought by state prisoners.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Accordingly, on August 13, 2021, Petitioner was directed to show cause to the Court why this matter should not be dismissed as untimely filed. *See* Order to Show Cause (Doc. No. 10) at 1 (citing *Day*, 547 U.S. at 210).  Petitioner timely submitted a written Response, as well as two motions. *See* Pet'r's Resp. (Doc. No. 11); Pet'r's Mots. (Doc. Nos. 12, 13).

III.    *Discussion*

A. *The Applicable Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners challenging the validity of their conviction or sentence.  The one-year limitations period runs from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless the petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

   B.  *Section 2244(d)(1)(A)*

Because Petitioner did not seek to withdraw the guilty plea, his criminal conviction became final for purposes of § 2244(d)(1)(A) ten days after entry of those pleas—either sometime in April or May 1984 or in March 1985. *See* discussion *supra* Part III(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). Because Petitioner's state-court conviction became final before AEDPA took effect, the one-year limitations period under § 2244(d)(1)(A) "began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997." *Wood v. Milyard*, 566 U.S. 463, 469 (2012).

Petitioner did not file his Petition until June 28, 2018. The instant action—absent tolling or an exception—is therefore untimely under 28 U.S.C. § 2244(d)(1)(A).

*C.  Sections 2244(d)(1)(B) and (D)*

The Petition attempts to invoke 28 U.S.C. § 2244(d)(1)(B) and (D) as a basis for finding this action was timely filed.  *See* Pet. at 13-14.  Petitioner has not, however, alleged facts reasonably implicating either provision.

With respect to § 2244(d)(1)(B), Petitioner asserts that tolling is warranted due to unspecified "state prison imp[ed]iments."  *Id.* at 13.  But he fails to identify any state-created event or circumstance that prevented the filing of his Petition and therefore does not demonstrate that any such an impediment effected a constitutional violation.  *See Gaines v. Dowling*, 758 F. App'x 650, 653 (10th Cir. 2018) (concluding that § 2244(d)(1)(B) did not apply to postpone the start of petitioner's limitations period because he "point[ed] to no state-created impediment to filing his § 2254 application").  With respect to § 2244(d)(1)(D), similarly, Petitioner has not identified any facts—related to his claims or otherwise—that he was previously unable to discover and that "reasonably affect[ed] the availability of the remedy" of federal habeas relief.  *Miller v. Marr*, 141 F3d 976, 978 (10th Cir. 1998).

*D.  Section 2244(d)(1)(C)*

Petitioner asserts that the federal courts had "exclusive jurisdiction" over his criminal proceedings because his crimes were "committed . . . by . .  an . . . Indian on an Indian, in Indian country."  Pet. at 5.  Petitioner appears to argue that his Petition is timely because this proposition relies on constitutional rights only recently recognized by the Supreme Court and the Tenth Circuit.  *See id.* at 13-14; Pet'r's Resp. at 3 (citing *McGirt v.*

*Oklahoma*, 140 S. Ct. 2452 (2020); *Sharp v. Murphy*, 140 S. Ct. 2412 (2020) (affirming

*Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), based upon the reasoning in *McGirt*)).

      In *McGirt*, the Supreme Court held that the Creek Reservation qualified as "Indian

country" for purposes of the Major Crimes Act, 18 U.S.C. § 1153(a). *McGirt*, 140 S. Ct.

at 2478. Oklahoma courts have applied *McGirt* to find that "the federal and tribal

governments, not the State of Oklahoma, have jurisdiction to prosecute crimes committed

by or against Indians" on tribal land. *Bosse v. State*, 484 P.3d 286, 289 (Okla. Crim. App.

2021), *petition for cert. filed*, No. 21-186 (U.S. Aug. 10, 2021).

      Liberally construed, Petitioner seeks application of the limitations period prescribed

in § 2244(d)(1)(C), which runs from "the date on which the constitutional right asserted

was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review," based

upon the *McGirt* ruling. 28 U.S.C. § 2244(d)(1)(C); *see* Pet. at 13; Pet'r's Resp. at 1-5.

Courts in this Circuit, however, have rejected the proposition that the date of the *McGirt*

decision should be used as the commencement date under § 2244(d)(1)(C) for habeas

challenges to state-court jurisdiction. *See, e.g.*, *Littlejohn v. Crow*, No. 18-CV-0477, 2021

WL 3074171, at *5 (N.D. Okla. July 20, 2021) ("But [28 U.S.C. § 2244(d)(1)(C)] does not

apply because the Supreme Court did not recognize any constitutional rights in *McGirt*."),

*appeal docketed*, No. 21-5060 (10th Cir. Aug. 9, 2021); *Sanders v. Pettigrew*, No. CIV-

20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did

not break any new ground" or "recognize a new constitutional right, much less a retroactive

one"); *accord Berry v. Braggs*, No. 19-CV-0706, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020).[1]

Petitioner further argues that "jurisdictional claims [cannot] be waived or time barred." Pet. at 13. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). "As with any other habeas claim," however, § 2254 claims predicated on the convicting court's lack of jurisdiction are "subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011); *accord United States v. Patrick*, 264 Fed. App'x 693, 695-96 (10th Cir. 2008).

Thus, the Court finds no basis for application of 28 U.S.C. § 2244(d)(1)(C) or for reliance upon a later commencement date of the limitations period pursuant to that subsection.

### E.  Statutory Tolling

For petitions brought under 28 U.S.C. § 2254, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending."

---

[1] Relatedly, the Tenth Circuit has addressed *McGirt* in a different context and expressed doubt that the decision presented a new rule of constitutional law. *See In re Morgan*, No. 20-6123 (10th Cir. Sept. 18, 2020) (order denying authorization to file a second or successive § 2254 habeas petition). The Tenth Circuit went on to conclude that "even if *McGirt* did present a new rule of constitutional law," "the Supreme Court has not held that *McGirt* is retroactive," and "the only way the Supreme Court could make a rule retroactively applicable is through a holding to that effect." *Id.* (alterations and internal quotation marks omitted) (citing 28 U.S.C. § 2244(b)(2)(A)).

28 U.S.C. § 2244(d)(2).  To take advantage of this statutory tolling provision, however, a state prisoner must file the postconviction application before his or her one-year limitations period under § 2244(d)(1) expires.  *Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Petitioner did not file his first application for postconviction relief in state court until October 14, 2016, however—long after the one-year § 2244(d)(1)(A) limitations period expired on April 24, 1997.  *See Jones*, 2019 WL 3422101, at *1; *see also* discussion *supra* Part III(B).  The resulting postconviction proceedings therefore did not serve to toll his limitations period for the filing of the § 2254 petition in federal court.  *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714.

### F.  *Equitable Tolling*

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances."  *Clark*, 468 F.3d at 714.  To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim."  *Id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010).  "[R]easons for equitable tolling" include "uncontrollable circumstances" that "prevent[ed] a petitioner's filing, despite his diligent efforts, or the petitioner's filing of a defective petition, despite his active pursuit of judicial remedies."  *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010).

Petitioner contends that tolling is warranted due to unspecified "mental disabilities."  Pet. at 13.  A petitioner's cognitive limitations, however, generally do not present "extraordinary circumstances" that would supply a basis for equitable tolling.  *See, e.g.*,

*United States v. Richardson*, No. 99-7152, 2000 WL 676009, at *1 (10th Cir. May 24, 2000) (rejecting petitioner's argument that his poverty and learning disability warranted equitable tolling); *see also United States v. Williams*, 485 F. App'x 978, 979 (10th Cir. 2012) (noting that a showing of "low cognitive functions" "is inadequate to justify equitable tolling"); *cf. Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("[D]yslexia [is] not a ground for tolling the AEDPA statute of limitations."); *Jamison v. Jones*, 197 F. App'x 743, 746 (10th Cir. 2006) ("Illiteracy alone does not merit equitable tolling.").

Petitioner offers no facts to show that the Court should depart from the general rule. Thus, Petitioner has not shown that he is entitled to equitable tolling.

### G. Actual Innocence Exception

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)— established for the purpose of preventing a miscarriage of justice. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see id.* at 387, 392-93. Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 386-87, 392, 400-01; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner does not allege that he is factually innocent of the crimes for which he was convicted. Petitioner's arguments—all of which challenge the jurisdiction of the state courts, *see* Pet. at 5-9—do not equate to a claim of factual innocence, and Petitioner presents no such evidence of actual innocence to the Court. *See Schlup*, 513 U.S. at 327-29. Petitioner's claims, even liberally construed, do not invoke the actual innocence equitable exception and do not permit continued consideration of his Petition by this Court. *See McQuiggin*, 569 U.S. at 392; *Bousley*, 523 U.S. at 623.

CONCLUSION

For the reasons outlined herein, the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DISMISSED as untimely. A separate judgment shall be entered. Petitioner's pending motions (Doc. Nos. 12, 13) are DENIED AS MOOT.[2]

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the

---

[2] Petitioner claims that this matter has been assigned the "wrong" case number and that Court employees "are conspiring with state rebels" to appropriate his filing fee and to prevent him from seeking relief under 28 U.S.C. § 2241. Pet'r's Mot. (Doc. No. 12) at 1; *see also* Pet'r's Resp. at 1. To the contrary, the Court's records reflect that Petitioner has initiated two § 2241 habeas actions since the filing of this matter, with the requisite filing fee duly docketed as received in each. *See Jones v. Pedigrew*, No. CIV-21-290-G (W.D. Okla.) (Doc. No. 6); *Jones v. Pedigrew*, No. CIV-21-614-G (W.D. Okla.) (Doc. No. 5). Petitioner is strongly cautioned against raising such baseless allegations.

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court finds that the requisite standard is not met in this case. A certificate of appealability is DENIED.

IT IS SO ORDERED this 27th day of August, 2021.

_____
CHARLES B. GOODWIN
United States District Judge