UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOMER JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-633-G |
| | ) |
| LUKE PETTIGREW, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Homer Jones, appearing pro se, initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1). On August 27, 2021, the Court ordered that the Petition be dismissed as untimely filed and entered judgment. *See* Order of Aug. 27, 2021 (Doc. No. 15); J. (Doc. No. 16).

I.   *Petitioner's Motion to Vacate*

On September 13, 2021, Petitioner filed a Motion to Vacate (Doc. No. 17), requesting that the Court vacate its dismissal of his habeas action. Liberally construed, Petitioner's Motion seeks relief pursuant to Federal Rule of Civil Procedure 59(e), which permits a motion to alter or amend a judgment to be filed within 28 days of the entry of that judgment. *See* Fed. R. Civ. P. 59(e); *see also id.* R. 81(a)(4).

Federal Rule of Civil Procedure 59(e) "gives a district court the chance to rectify its own mistakes in the period immediately following its decision. In keeping with that corrective function, federal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits." *Banister v. Davis*, 140 S. Ct.

1698, 1703 (2020) (alterations and internal quotation marks omitted). A Rule 59(e) motion "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner's Motion is largely unintelligible but primarily argues that dismissal of his habeas action is inequitable given the merits of his claims and the important issues raised thereby. *See* Pet'r's Mot. to Vacate at 1-7. Nothing in the Motion specifically challenges any of the Court's factual findings or undermines the conclusion that this habeas proceeding was not timely filed pursuant to 28 U.S.C. § 2244(d). *See* Order of Aug. 27, 2021, at 2-9. Further, to the extent Petitioner is now repeating his habeas claims or attempting to raise new claims, his Motion to Vacate is not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Having reviewed the Motion and the relevant record, the Court finds that Petitioner fails to demonstrate that the Court should vacate its dismissal of this action.

II.     *Petitioner's Application for a Certificate of Appealability*

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. In the Order dismissing this matter, the Court addressed the relevant standard and denied a certificate of appealability:

> A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
>
> Upon review, the Court finds that the requisite standard is not met in this case. A certificate of appealability is DENIED.

Order of Aug. 27, 2021, at 9-10.

Petitioner has now filed an Application for Certification of Appealability (Doc. No. 22), seeking issuance of a COA as to the Court's Order of August 27, 2021. Petitioner's Application contends that his Petition raises questions of national importance and that this is a "FIRST impression case where the Federal Court refuses to obey Congress and conduct a 2241 Habeas hearing ON DETENTION not involving a conviction, NOT involving a crime within State Jurisdiction," and "NOT involving a COURT order." Pet'r's Appl. at 2.

The Court again concludes that jurists of reason would not find it debatable that dismissal of the Petition was correct. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, whether construed as an initial application or as a motion to reconsider the Court's previous denial, Petitioner is not entitled to a COA regarding the dismissal. *See, e.g.*, *Tate v. Addison*, 378 F. App'x 814, 815 (10th Cir. 2010) (denying a COA where the petitioner "assert[ed] that the

violations of his rights and the law presented in his § 2254 petition should outweigh the fact that the petition is untimely" but "ma[de] no argument as to why the clock should be equitably tolled" and did not "identify any alleged inaccuracies in the district court's statute-of-limitations calculations").

## CONCLUSION

Accordingly, Petitioner's Motion to Vacate (Doc. No. 17) is DENIED. Petitioner's Application for Certification of Appealability (Doc. No. 22) is DENIED.

The Clerk of the Court is directed to supplement the preliminary appellate record with a copy of this Order in accordance with Tenth Circuit Rule 3.2(B).

IT IS SO ORDERED this 22nd day of September, 2021.

_____
CHARLES B. GOODWIN
United States District Judge